United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEDONG SONG, et al.,<br>Plaintiffs,<br>v.<br>LEMONADE, INC.,<br>Defendant. | Case No. 26-cv-04207-JD<br><br>**ORDER RE REMAND** |

In this putative class action, plaintiffs Wedong Song and John Devito allege that defendant Lemonade, Inc., collected and shared the data and information of customers who clicked an option to "Reject All" tracking cookies on Lemonade's website. *See* Dkt. No. 1, Ex. A. Lemonade is an online provider of insurance products, including life and homeowners' policies. Song and Devito allege violations of the California Invasion of Privacy Act, California Unfair Competition Law, as well as a breach of contract on the part of Lemonade. Lemonade removed this case from San Francisco County Superior Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Dkt. No. 1 at 2.

Song and Devito move to remand for lack of Article III standing. Dkt. No. 16. No other grounds for a remand were proposed. The parties' familiarity with the record is assumed, and remand is denied.

The complaint plausibly alleges a concrete and particularized injury in fact that establishes Article III standing to sue. Among other allegations, the complaint states that Lemonade's trackers capture "private and confidential information . . . including . . . information from [] insurance applications . . . first and last names; dates of birth; locations, including home addresses; contact information, including personal email addresses and phone numbers." Dkt. No. 1, Ex. A ¶ 54. The complaint says this information was shared with third parties such as Google,

Microsoft, and others. *Id.* The trackers allowed the third parties to determine other personal information such as whether an individual had "submitted a claim related to a death, health concern or property damage," or had failed to pay a premium. *Id.* ¶ 59.

Song and Devito say the challenged conduct is too abstract to satisfy Article III. *See* Dkt. No. 16 at 1. The point is not well taken. "[T]he loss of control over one's personal information is [a] 'concrete' harm." *See Frasco v. Flo Health, Inc.*, 349 F.R.D. 557, 580 (N.D. Cal. 2025). Our circuit has also recognized that, when a defendant does not provide "users a meaningful opportunity to control or prevent the unauthorized exploration of their private lives . . . Plaintiffs have sufficiently alleged a clear invasion of the historically recognized right to privacy." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599 (9th Cir. 2020).

Song and Devito's heavy reliance on *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025), is misdirected. *Popa* is readily distinguishable from this case. There, the plaintiff alleged that a concrete and particularized harm could be found in "session-replay" technology supplied by defendant Microsoft to an online pet store, which allowed the store to track her browsing and other actions within its website. *Popa*, 153 F.4th at 786. The plaintiff alleged only that the technology "gathered her pet-store preferences and her street name." *Id.* at 791. Under well-established Supreme Court precedent with respect to Article III standing, the circuit court had no trouble finding that the collection of this information did not provide a basis to plausibly allege the infringement of any sensitive private information, such as medical or financial information. *Id.*

The circumstances alleged here are different. The complaint expressly states that Lemonade collected and shared sensitive financial and other personal information even after plaintiffs specifically denied it permission to do so. That is enough to establish Article III standing.

**IT IS SO ORDERED.**

Dated: September 29, 2026

JAMES DONATO
United States District Judge